WILLIAM J. STONEMAN, Appellant, v. CAROLINE E. BREITEN-STEIN, Respondent.

Third Department, May 8, 1918.

Real property — suit to enjoin interference with use of chimney located on defendant's lands — devise conferring easement in use of chimney to adjoining owner — injunction restraining interference with use of easement.

Suit to obtain an injunction restraining the defendant from interfering with the plaintiff's use of a chimney located on the defendant's land but which had been connected with the heater in the plaintiff's house. It appeared that the former owner of both pieces of real estate originally constructed the chimney and built an addition to the original house so as to make it a two-apartment house and thereafter by will devised one portion of the property to the plaintiff, his son, and the other to the defendant, his daughter, on whose portion the chimney stood. The testator, who resided on the premises devised to the plaintiff, had used the chimney for twenty-four years and the defendant has used it for twelve years since the devise to him. Evidence examined, and *held*, that the testator intended to devise the various portions of his real estate as they were being used at the time he made his will, and hence, intended to devise a use in the chimney to the plaintiff although it stood upon the defendant's land and that the latter, in preventing the plaintiff from using the chimney, was guilty of a trespass and should be enjoined from continuing the same.

APPEAL by the plaintiff, William J. Stoneman, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Albany on the 26th day of October, 1917, upon the decision of the court after a trial before the court without a jury, with notice of an intention to bring up for review the decision and order of the court directing the entry of the judgment.

*J..S. Frost [Andrew J. Nellis* and *G. Le Roy Butler* of counsel], for the appellant.

*Thomas S. Fagan,* for the respondent.

LYON, J.:

The purpose of this action is to obtain an injunction perpetually restraining the defendant from interfering with the plaintiff's use of a chimney, claimed by the defendant to stand upon her land, with which chimney the heater in the plaintiff's house is connected. The material facts are practically undisputed. In the year 1880 Matthew G. Stoneman, hereinafter called the testator, became the owner of a house and lot situated on the north side of First street in the city of Albany, N. Y. The house was a single-family frame structure with a hallway running through it north and south. It had three rooms on the first floor; a parlor on the right of the hallway, a dining room on the left, and a kitchen in the rear of the dining room. Erected on the east side of the dining room, and extending about two inches into the partition separating the dining room from the hall, and not far from the center of the house, was the single-flue brick chimney which has given rise to the controversy.

Beyond question the chimney was erected at the time the house was built. Whether it was built into and as a part of the brick wall underneath this partition was a matter of contradictory testimony on the part of the experts. Located in the cellar of the house under the dining room was a hot-air heater with which the house was heated, the smoke pipe of which entered this chimney from the west. The testator occupied the house as his family residence until the year 1888 when by building an addition on the north and a hallway on the west, and closing the doorway between the old hallway and the dining room, and making corresponding changes in the cellar and second story, a two-apartment house was created, the westerly apartment being thereafter known as No. 67 First street and the easterly apartment as No. 65 First street. The testator provided for heating the westerly apartment by erecting a new chimney on the west side of the old house, with which he connected a hot-air heater placed in the cellar of that apartment under the old dining room; and for heating

the easterly apartment by closing the opening in the west side of the old chimney, making a new opening in the east side, and connecting with it the smoke pipe from the hot-water heater placed in the cellar of that apartment under the old parlor.

The testator thereafter rented No. 67 and also two brick dwellings adjoining on the west known respectively as Nos. 69 and 71 First street which he had erected during or prior to the year 1888. The testator occupied No. 65 continuously up to the time of his death in November, 1911, that is for a period of about twenty-four years, during all which time he used the old chimney as the connection for the heater in the cellar of No. 65. The defendant, her husband and the testator resided together in No. 65 during the twelve years following the year 1900. The testator left a will executed in 1900 which after devising to his daughters Mary Stoneman and Anna Stoneman Rowland Nos. 71 and 69 respectively, contained the following clauses: " *Fifth.* I hereby give and devise to my daughter, Caroline E. Breitenstein, and to her heirs forever, my house and premises known as Number Sixty-seven First Street, Albany, New York. *Sixth.* I hereby give and devise to my son William J. Stoneman, and to his heirs forever, my house and premises known as Sixty-five First street, Albany, New York; said premises not however to include the plot of ground forty-seven feet more or less in width on the easterly side thereof." By the 8th clause he gave the residue of his property in trust " (1) To pay to my said daughter Mary Stoneman the sum of five hundred dollars; to my said daughter Anna Stoneman Rowland the sum of five hundred dollars; and to my daughter Caroline E. Breitenstein, the sum of one thousand dollars; the same being, in my judgment, an equalization of the values of the houses hereinbefore devised to my said daughters and to my son William J. Stoneman." By one of the codicils the devise to William J. Stoneman was made to include the plot of about forty-seven feet east of No. 65.

Following the death of the testator the plaintiff has continuously had possession of No. 65. In 1916 the defendant, claiming that the old chimney was wholly upon her premises, No. 67; that the plaintiff had no right to use the same, and that its presence greatly lessened the value of her property, entered the cellar of No. 65, removed the pipe from the old chimney,

closed the. opening, took the chimney down to the roof, and placed a flat stone over it, thus depriving the plaintiff of its use. It is this claim and act of the defendant which has induced this litigation, the plaintiff claiming the right to use the chimney as he and the testator had used it for approximately the preceding twenty-eight years.

The trial court held as matters of fact that the old chimney is situated and built wholly on and within the premises No. 67 First street; that it is not essential for the proper use, occupation and enjoyment of the premises No. 65 First street; that the devise of the premises No. 67 and No. 65 to the defendant and to the plaintiff respectively was absolute and in fee, and that there was no reservation in either devise, nor any easement as to either premises, granted or reserved. The court decided as matter of law that it was the intent and purpose of the testator to separate the ownership of what had before been held and owned by him, and to vest in each of the parties to this action an individual title to the portion of the real estate devised to such party; also that there was no implied covenant that the plaintiff should have an easement in the adjoining premises, nor that such premises should be burdened with such easement, and that the claim of the plaintiff to the use of the chimney on the adjoining premises was untenable as not being in any sense appurtenant to the premises devised to the plaintiff, and as not being necessary to the enjoyment of the premises No. 65.

The latter holding as well as the corresponding finding of fact was founded upon the proof that there are two flues in the chimney erected by the testator in the north wall of No. 65 at the time he transformed the frame house into apartments in 1888. The testimony is that while the testator used one of these flues for the laundry stove in the cellar and the other for the kitchen stove on the first floor, the chimney is sufficient to carry the smoke pipe from the heater also, although the distance from the heater to the rear chimney is more than three times the distance from the heater to the old chimney. The testimony on the part of the defendant also was that the damage to her apartment No. 67 by reason of the presence of the old chimney was $500, and that a new chimney could be built within the plaintiff's apartment No. 65 for $100.

Why a chimney so built would not be an equal damage to apartment No. 65 is not apparent.

The decision of the case must be controlled by the intention of the testator if that can be determined. What did he mean when he devised the various " premises " to his four children? Apparently he intended them to pass to his children as they were being used at the time he made his will, which was the precise manner in which they had been continuously used during the preceding eleven years, and in which they were in fact continuously used during the twelve years immediately following the making of his will and preceding his death. The evidence conclusively shows that it was the intention of the testator that apartments 69, 67 and 65 should to an extent be interdependent. For instance when he remodeled the old house making it into two apartments, he placed the timbers supporting the west side of No. 67 into the east wall of No. 69; for the discharge of the water from the roofs of Nos. 65 and 67 he used one common conductor, which had its opening on the roof of No. 67, ran at an angle easterly to the rear partition between Nos. 65 and 67, thence down that partition until it reached the cellar when it turned easterly and discharged into a conduit within the cellar of No. 65. It cannot be presumed that the testator did not intend that the timbers of No. 67 should not permanently rest in and be supported by the wall of No. 69, or that No. 65 should not permanently have the water which collected upon its roof carried through the conductor which opened on the roof of No. 67, or that No. 67 should not have the permanent right to have the water discharged through the conductor into the conduit in the cellar of No. 65. The intention of the testator is equally plain regarding the permanent use of the old chimney by the heater in No. 65. The two flues were constructed in the north wall of No. 65 at the time the testator remodeled the old house. The chimney on the north side of No. 67 was also then in existence. However, the testator evidently considered it impracticable to connect the heaters in Nos. 65 and 67 with the northerly chimneys, and in order that the old chimney might be used in connection with No. 65, he erected a new chimney in the westerly side of No. 67 and made the other changes before stated.

Furthermore, the claim of the respondent is not without reason that the bequest for the benefit of the defendant of $1,000 for the equalization of the value of the house devised to her and the house devised to the plaintiff was in part on account of the old chimney being attached to the premises No. 65. Had the old chimney been built on the easterly side of No. 65, upon the plot of ground of forty-seven feet in width, it would hardly be contended that it was not a part of the premises No. 65, and passed to the plaintiff under the will.

We think the use of the old chimney was intended by the testator to be included in the devise of the premises No. 65, and hence that the act of the defendant in preventing the plaintiff using the old chimney was a trespass upon plaintiff's rights, and that the plaintiff is entitled to a reversal of the judgment appealed from, with costs, and to a judgment granting the relief asked, to wit, a judgment perpetually enjoining and restraining the defendant, her servants, agents and employees from closing said chimney, or from preventing the use thereof by the plaintiff, and from doing, or causing or permitting to be done any act whereby the rights of the plaintiff may be impaired or obstructed. The court disapproves of the sixth, seventh, eighth and ninth findings of fact and finds as requested by the plaintiff by its twenty-fifth request to find, that it was the intention of Matthew G. Stoneman in making the aforesaid devises to the plaintiff and to the defendant, that the respective rights, easements and servitudes then exercised by the occupants of said two parcels of property should continue, and be owned, exercised and possessed by the said devisees respectively. This court also finds as requested by the plaintiff, the first, second, fourth, fifth and sixth conclusions of law as stated in the plaintiff's requests to find.

Judgment is directed entered herein in accordance herewith, with costs to the appellant.

All concurred.

Judgment reversed on law and facts, with costs, and judgment directed for the plaintiff, with costs, as per opinion.

The court disapproves of the sixth, seventh, eighth and ninth findings of fact, and finds, as requested by the plaintiff by his twenty-fifth request to find, that it was the intention of Matthew G. Stoneman in making the aforesaid devises to the plaintiff and to the defendant that the respective rights, easements and servitudes then exercised by the occupants of said two parcels of property should continue, and be owned, exercised and possessed by the said devisees respectively.